## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50519 | **DATE** | 1/7/2005 |
| **CASE TITLE** | Loy vs. Motorola | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse memorandum opinion and order, the court denies defendant's request for reconsideration [#33].
(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Defendant, Motorola, Inc., has filed a request for reconsideration of an order of the magistrate judge ruling that plaintiff's purported representative claims under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA), should be litigated as class action claims in accordance with Fed. R. Civ. P. 23 as opposed to "collective actions" under the Fair Labor Standards Act, 29 U.S.C. § 216(b)(FLSA), and, therefore, denying defendant's motion for a protective order and ordering that defendant provide certain discovery.

The court has designated the magistrate judge to hearing the underlying discovery matter pursuant to Rule 636(b)(1)(A). The court may reconsider the ruling of the magistrate judge in this regard "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

In this case, the magistrate judge did not decide the ultimate issue of whether this action can be pursued as a class action under Rule 23, rather, he limited his ruling to the threshold legal issue of whether plaintiff's action could proceed as a class action under Rule 23 or as a "collective action" under the FLSA. This ruling was necessary because the result would determine the extent of discovery to which plaintiff would potentially be allowed and the concomitant ruling on defendant's motion for a protective order in that regard.

The magistrate judge decided that Rule 23 applied to a representative action under the FMLA and, therefore, because of the broader discovery allowable in a class action, denied defendant's motion for a protective order and ordered defendant to produce certain documents and make certain individuals available for deposition. Defendant's request for reconsideration only challenges the legal ruling regarding the representative action and does not otherwise raise any issues as to the discovery allowed by the magistrate judge's order.

The court has carefully reviewed the order of the magistrate judge, thoroughly considered the arguments and authority presented by defendant, and conducted its own research. Having done so, the court agrees with the analysis and decision of the magistrate judge regarding this issue of first impression. A representative action under the FMLA should proceed, if at all, as a class action under Rule 23 and not as a "collective action" under the FLSA.

Finding that the magistrate judge's ruling is not contrary to law, the court denies defendant's request for reconsideration.